UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF DANNY CECIL JONES, et al.,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>CITY OF SPOKANE, FRANK STRAUB, et al.,<br><br>                    Defendants. | NO. 2:16-CV-00325-JLQ<br><br>ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS |

BEFORE THE COURT is Defendant City of Spokane's Motion for Judgment on the Pleadings (ECF No. 15).  Response and Reply briefs have been filed and the Motion was submitted without oral argument.

**I.  Introduction and Background**

This action was filed in state court on August 19, 2016, and removed to this court on September 16, 2016.  The Complaint alleges Danny Jones was shot and killed by City of Spokane police officers on August 22, 2013.  The Complaint is brought by his wife, surviving children, and his parents.  Plaintiffs allege Danny Jones was in his vehicle, stopped in a parking lot, and surrounded by several police vehicles when officers "opened fire." (Complaint ¶ 27).  Plaintiffs allege Danny Jones was unarmed and did not pose a threat to officers.  Plaintiffs assert several claims, including: 1) excessive force in violation of Constitutional rights under 42 U.S.C. 1983; 2) *Monell* liability against the City and Chief Straub under 42 U.S.C. 1983; 3) denial of Due Process; 4) wrongful death; and 5) negligence.

Defendant City of Spokane ("City") argues Plaintiffs' claims against the City "are formulaic *Monell* and negligence allegations" and should be dismissed. (ECF No. 15, p. 2).  Plaintiffs respond the Complaint complies with the notice pleading requirement of Fed.R.Civ.P. 8(a) and request the Motion be denied.  Alternatively, Plaintiffs request

ORDER - 1

1  leave to amend.

2  **II. Standard of Review**

3      The City brings its Motion pursuant to Fed.R.Civ.P. 12(c).  "Analysis under Rule

4  12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules,

5  a court must determine whether the facts alleged in the complaint, taken as true, entitle

6  plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Management*, 793 F.3d

7  1147, 1155 (9th Cir. 2015).  The Ninth Circuit has found the plausibility standard of

8  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544

9  (2007), applies to Rule 12(c) motions. See *Harris v. County of Orange*, 682 F.3d 1126,

10 1131 (9th Cir. 2012).  "The court may find a claim plausible when a plaintiff pleads

11 sufficient facts to allow the court to draw a reasonable inference of misconduct, but the

12 court is not required to accept as true a legal conclusion couched as a factual allegation."

13 *Id.*

14 **III.  Discussion**

15     Municipalities are not liable under 42 U.S.C. 1983 under a theory of respondeat

16 superior liability.  A city may be liable if the Constitutional violation is the result of a

17 governmental policy, practice, or custom. *Monell v. Dept of Soc. Servs.*, 436 U.S. 658,

18 694 (1978).  "In order to establish liability for governmental entities under *Monell*, a

19 plaintiff must prove: 1) that the plaintiff possessed a constitutional right of which he was

20 deprived; 2) the municipality had a policy; 3) this policy amounts to deliberate

21 indifference to the plaintiff's constitutional rights; and 4) the policy is the moving force

22 behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th

23 Cir. 2011).  Defendants argue the Complaint does not contain sufficient facts for a

24 *Monell* claim.  In addition to the background factual allegations, the Complaint contains

25 the following allegations concerning the City:

26     - The officers acted in accordance with an established policy of the Spokane Police

27 Department to not utilize or engage in adequate de-escalation and non-lethal tactics prior

28 to using lethal force (Complaint ¶ 37);

- The officers acted in accordance with a City policy to use lethal force against citizens who demonstrate erratic or unusual behavior, even if those citizens do not pose an imminent threat (*Id.* at ¶ 38);

-The City failed to provide adequate training to Officer Lesser and others concerning the use of force against mentally disturbed or distraught individuals (*Id.* at ¶ 39);

- The City ratified the actions of the officers in causing the death of Danny Jones by determining such actions were consistent with policies and procedures of the City (*Id.* at ¶40);  and

- The City's failure to adequately investigate prior deadly force incidents and discipline the officers involved, established a de facto policy of permitting the unlawful use of force. (*Id.* at ¶ 41).

As this is a Motion for Judgment on the Pleadings, the court may also consider the City's Answer.  The Answer states in response to paragraph 37 of the Complaint: "Admitted that the officers who discharged their firearms did so in accordance with Spokane Police Department policy.  The description of those policies contained in this paragraph is denied."  This paragraph admits the officers acted pursuant to policy, and further illustrates Plaintiffs' allegations of policy are specific enough for the City to disagree with the "description of those policies".  Paragraphs 38 to 41 are answered with the response, "denied".

A failure to train "may amount to a policy of deliberate indifference, if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty*, 654 F.3d at 900.  However, mere negligence in training or supervision does not give rise to a *Monell* claim. *Id.*  A municipality may also be held liable for a constitutional violation if a final policymaker ratifies a subordinate's actions. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004).  The plaintiff must show authorized policymakers approved the subordinate's decision and the basis for it. *Id.*

ORDER - 3

Plaintiffs contend the allegations in the Complaint give sufficient notice and comply with Fed.R.Civ.P. 8(a).  Plaintiffs contend there is no "heightened pleading" standard with respect to policy or custom *Monell* claims.  Prior to 2011, the Ninth Circuit required only bare allegations: "In the past, our cases have not required parties to provide much detail at the pleading stage regarding such policy or custom." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  The court noted under prior precedent, a *Monell* claim could withstand a motion to dismiss, even if based on nothing more than a bare allegation that the officer's conduct conformed to an official policy, custom, or practice. *Id.*  The court then stated the standard from *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) applied to *Monell* claims.

In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), the court considered recent Supreme Court authority, including *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and appears to apply the plausibility test from those cases.  The court found two principles could be discerned from the Supreme Court's recent cases:  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Some of the Complaint's allegations, when considered individually, may not pass the plausibility threshold.  For example, Paragraph 38 alleges officers acted in accordance with a City policy to use lethal force against citizens who demonstrate erratic or unusual behavior, even if those citizens do not pose an imminent threat.  However, when considered in totality with the factual allegations, Plaintiffs allege the City had a policy which did not adequately provide for de-escalation of force and too quickly resorted to lethal force, particularly when the officers encountered mentally disturbed individuals.

Plaintiffs allege inadequate training of officers in how to interact with mentally disturbed individuals.  Plaintiffs also allege a review of the Jones' shooting by the City determined it to be consistent with policy and ratified the actions of the officers.  Defendants have admitted in their Answer they have concluded the officers acted pursuant to policy, and Defendants dispute the policy is as described in the Complaint.  Defendants have adequate notice of the claims against them, and were able to answer such allegations without requesting a more definite statement, as they could have done, pursuant to Fed.R.Civ.P. 12(e).  The court recognizes the allegations concerning *Monell* liability are not particularly detailed, but specifically detailed factual allegations are not required. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)("Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."); *Skaff v. Meridien North America*, 506 F.3d 832, 841 (9th Cir. 2007)("Specific facts are not necessary ... [Defendant] would essentially impose a heightened pleading standard upon ADA plaintiffs, even though the Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule.").  The allegations here are sufficient.

Defendants have contended the allegations were so conclusory or baseless as to automatically preclude Plaintiffs' right to discovery. (See City's Reply Br. ECF No. 19, p. 7)(stating,"Plaintiffs are not entitled to discovery.")  Defendants have taken this position despite the court issuing two Orders concerning the commencement of discovery, despite having already answered the Complaint, and despite their failure to request a stay of discovery.  Defendants also made no mention in the Combined Scheduling Conference Report (ECF No. 10) of their view the City need not answer any discovery, rather the Report stated: "The parties do not presently see the need to modify the standard discovery procedures...").  The Defendants' position on discovery is not well-taken, and will be discussed at greater length in a separate Order.

**IT IS HEREBY ORDERED**:

1. The City's Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED**.

ORDER - 5

2.  The record reflects Defendant Straub was served on November 22, 2016. (ECF No. 13).  An entry of appearance was made on behalf of Straub on December 12, 2016. No Answer or other responsive pleading has been filed, and Defendant Straub is currently in default.  Defendant Straub shall file an Answer no later than **February 8, 2017**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 1st day of February, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6