UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ESTATE OF DANNY CECIL JONES, et al.,

Plaintiffs,

vs.

CITY OF SPOKANE, FRANK STRAUB, et al.,

Defendants.

NO. 2:16-CV-00325-JLQ

ORDER GRANTING IN PART MOTION TO COMPEL AND DENYING MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is Plaintiffs' Motion to Compel Discovery (ECF No. 21) and Defendant City of Spokane's Motion for Protective Order (ECF No. 26). Both sides to the litigation requested expedited hearing because the discovery issues related to the resolution of a pending Motion for Judgment on the Pleadings. The court granted the request for expedited consideration. The court has considered the briefing and the Motions were submitted without oral argument on January 31, 2017. The court has denied the Motion for Judgment on the Pleadings via separate Order.

**I. Introduction and Background**

This action was filed in state court on August 19, 2016, and removed to this court on September 16, 2016. The Complaint alleges Danny Jones was shot and killed by City of Spokane police officers on August 22, 2013. The Complaint is brought by his wife, surviving children, and his parents. Plaintiffs allege Danny Jones was in his vehicle, stopped in a parking lot, and surrounded by several police vehicles when officers "opened fire." (Complaint ¶ 27). Plaintiffs allege Danny Jones was unarmed and did not pose a threat to officers. Plaintiffs assert several claims, including: 1) excessive force in violation of Constitutional rights under 42 U.S.C. 1983; 2) *Monell* liability against the City and Chief Straub under 42 U.S.C. 1983; 3) denial of Due Process; 4) wrongful death; and 5) negligence.

On September 21, 2016, this court issued an Order, which stated in part: "The parties shall confer, as required by Fed.R.Civ.P. 26(f), within twenty-one (21) days of the date of this Order, and discovery shall commence promptly thereafter." (ECF No. 3). The court held a Scheduling Conference on November 10, 2016, and on that date issued an Order which stated in part: "Counsel are reminded the court views Rule 26 liberally and the parties have an obligation to disclose the good and the bad and observe an 'open file' policy with the exception of privileged materials. Violations of Rule 26 and the spirit of open discovery will result in the imposition of appropriate sanctions." (ECF No. 12).

The City answered the Complaint on September 28, 2016, and on December 8, 2016, filed a Motion for Judgment on the Pleadings (ECF No. 15). On November 16, 2016, just after the Scheduling Conference and before Defendant filed the Motion for Judgment on the Pleadings, Plaintiffs served written discovery. (ECF No. 21, p. 2). The City's response, or lack thereof, to the written discovery is the basis for the instant dispute.

**II. Discussion**

The Motion to Compel seeks to have the court overrule Defendant's objections to several Interrogatories and Requests for Production and order Defendant City to provide full and complete responses. The Motion attaches the discovery at issue (See ECF No. 21-1). Plaintiffs' counsel has filed a Statement pursuant to Local Rule 37.1, which states the parties have conferred and have been unable to resolve the City's objections to Interrogatories 3 thru 10, and Requests for Production 2, 3, 4, 6, 8, and 9. (ECF No. 22).

The City's Motion for Protective Order (ECF No. 26) does not seek to protect any specific information from discovery, but rather asks to stay discovery until after resolution of the Motion for Judgment on the Pleadings. (ECF No. 26, p. 2). The City states Plaintiffs allegations are "baseless" and therefore Plaintiffs are "not entitled to discovery." (*Id.*). The City contends it would take "dozens" of hours to respond to the written discovery. The City's Motion cites to an attached Declaration, but the Declaration offers no support for the contention as to the amount of time required to respond.

The City was served with discovery on November 16, 2016. By that date, this court had issued two Orders concerning discovery and directed discovery "shall" commence. The City had not moved to dismiss for failure to state a claim, or for more definite statement, but had answered the Complaint. The discovery was served on November 16, 2016, and both Fed.R.Civ.P. 33 and 34 provide for a 30-day period of time to respond unless otherwise stipulated or ordered by the court. Thus responses were due on or about December 16, 2016. On December 16, 2016, the City filed its Responses, and Objections in which the City objected to every interrogatory and request for production. (See ECF No. 27). While the discovery was pending, the City filed a Motion for Judgment on the Pleadings on December 8, 2016. As the City's own Motion acknowledges, the filing of such motion does not stay discovery. The parties state they met and conferred on January 12, 2017. At that time, discovery responses were nearly one month overdue, and the City had not filed a motion to stay discovery.

**A. The Specific Objections**

Interrogatory No. 1 - Defendant City interposed a frivolous objection and refused to answer the basic question of who was answering the interrogatories, and stated "to be supplemented." (See ECF No. 27, Ex. A). Failing to identify a person resulted in the answers being unverified and failure to comply with Fed.R.Civ.P. 33(b). The parties have apparently now resolved this objection.

Interrogatory No. 3 - This question was answered, with the City stating it has not identified any experts at this time.

Interrogatory No. 4 - This question asks for information "in the last 10 years" involving other lawsuits in which the City was a party and wherein the claims concerned an officer involved shooting. The court finds this overbroad as to temporal scope. The incident here occurred in August 2013. The City shall respond to the Interrogatory for the time period of August 2010 to August 2016.

Interrogatory No. 5 - This interrogatory asks for information about "each and every incident in the past ten years", where an on-duty officer discharged a firearm (excluding

training exercises). This request is overbroad in its temporal scope. Additionally, incidents occurring after the date Mr. Jones was shot do not appear relevant. The parties shall meet and confer in an effort to narrow this request.

Interrogatory No. 6 - This question asks whether the City had any policies or procedures, prior to August 22, 2013, "specifically relating to the use of force against persons who exhibit signs of mental illness and/or psychological or emotional distress." The City objected the question was "not proportional to the needs of the case", and overbroad and burdensome. These objections are not well-founded. The Interrogatory calls for simple yes, or no, response. The City shall provide a response.

Interrogatory No. 7 - Asks whether the four officers who are Defendants had training "specifically relating to the use of force against persons who exhibit signs of mental illness and/or psychological or emotional distress." The City's objections are overruled. The City shall respond.

Interrogatory No. 8 - Asks whether the City "maintains any record of instances in which an officer of the Department displays, but does not discharge, a firearm." The City objects the question is overbroad and burdensome. The Interrogatory asks only if the City does maintain records, not for the City to identify all such records. The objection is overruled. The City shall answer.

Interrogatory No. 9 - The objection is overruled. The City shall answer.

Interrogatory No. 10 - This interrogatory asks for detailed information over the last 10 years on incidents when an officer displayed but did not discharge a firearm. This request is overbroad and not proportional. The objection is sustained.

**B. Requests For Production**

Request No. 2 - This request concerns 8 categories of documents concerning the four Defendant officers, including training and discipline, other litigation, etc. This request concerns generally relevant areas of inquiry, and the City appears to have responded by producing only training records. The City has also made several assertions of privilege. The briefing does not specifically address the categories of documents

requested or the privilege asserted. The parties are directed to meet and confer further concerning this request.

Request No. 3 - This Request asks for documents identified in response to Interrogatory No. 4. The court has limited the scope of Interrogatory No. 4. The request for "all documents" relating to prior lawsuits is overbroad and would implicate privileged documents. The parties shall meet and confer concerning this request.

Request No. 4 - This Request pertains to documents identified in Interrogatory No. 5. The court has directed the parties to meet and confer further regarding the scope of Interrogatory No. 5, and they shall also discuss this Request.

Request No. 6 - Asks for documents evidencing an official policy or procedure identified in response to Interrogatory No. 7. The City shall respond to this Request.

Request No. 8 - This request seeks photographs, reports, video, witness statements pertaining to the "subject incident". City's response states the investigative file of some 1,200 pages is being produced, and video and photographs will be produced. The nature of the parties' dispute concerning this Request is unclear. The parties are directed to meet and confer further in an attempt to resolve their differences.

Request No. 9 - This Request seeks documents concerning "the training of City of Spokane police officers regarding the use of force in effect as of August 22, 2013" and as subsequently modified. This request is clearly relevant. The City shall respond.

**III. Conclusion**

The City's discovery objections are generally not well-taken. Without finding or ruling, the City's response to discovery could be construed as an attempt to delay the matter, which this court does not tolerate. By the time Plaintiffs served written discovery on November 16, 2016, this court had issued two Orders directing the commencement of discovery and informing the parties that violations of Rule 26 and the spirit of open discovery would result in the imposition of appropriate sanctions. Despite these Orders, the City determined it would not answer discovery because it had filed, three weeks after being served with discovery, a Motion for Judgment on the Pleadings. No timely motion

to stay discovery or for protective order was filed. Instead the City served an unverified discovery response objecting to every question posed.

Without finding or ruling, the court also observes the foregoing conduct could have merited an award of fees under Fed.R.Civ.P. 37. However, Plaintiffs have not specifically sought fees in the Motion to Compel. Additionally, the court has found some of the Plaintiffs' discovery requests to be overbroad, and thus a portion of the objections were "substantially justified". Fed.R.Civ.P. 37(a)(5).

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Compel (ECF No. 21) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. The City shall answer Interrogatories 4, 6, 7, 8, and 9 and produce documents pursuant to Requests for Production 6 and 9 **within 14 days** of the date of this Order.

3. The parties shall meet and confer further regarding Interrogatory No. 5 and Requests for Production 2, 3, 4, and 8 **within 14 days** of the date of this Order. If the parties cannot resolve their differences they shall contact the court's Judicial Assistant, Lee Ann Mauk, at (509) 458-5280 to schedule a telephonic conference with the court.

4. Defendant City's Motion for Protective Order (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 2nd day of February, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE